[Civ. No. 206. Second Appellate District.—May 29, 1906.]

## JOHN SCHREINER, Appellant, v. GRANT BROTHERS, Respondents.

MASTER AND SERVANT—NEGLIGENCE—INSUFFICIENT COMPLAINT.—A complaint to recover damages suffered by plaintiff while in the employment of the defendants, in constructing a roadbed, and engaged in taking charge of a work where blasting was required, which merely alleges that while so engaged, by reason of the negligence "of the defendants and their servants," he received the injury complained of, does not show that the plaintiff himself was not the servant whose negligence caused the accident, and a demurrer thereto was properly sustained. Averments that defendants did not employ a competent powder foreman, and that they employed plaintiff without telling him of the danger, do not supply the essential defect in the complaint.

APPEAL from a judgment of the Superior Court of Los Angeles County. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Charles H. Nattingly, for Appellant.

Isidore B. Dockweiler, for Respondents.

SMITH, J.—The suit was brought to recover personal damages suffered by the plaintiff while in the employment of the defendants, and alleged to have been caused by their negligence in numerous particulars specified, or some of them. The judgment was on demurrer to the complaint.

The complaint is very confused and unsatisfactory in its allegations, and, indeed, seems to have been drawn with the view of concealing the actual facts in the case. The facts, however, as gathered from the complaint, seem to have been: The plaintiff was employed by the defendants as foreman of the steam shovel gang in the construction of a roadbed which defendants were building. As preliminary to the doing of this work some blasting was required, and plaintiff was employed by defendants to take charge of this work, or, as ex-

pressed in the complaint, was ordered to do so. And, while so engaged, by reason of the negligence of "the defendants and their servants," he received the injuries complained of. From these allegations *non constat* that the plaintiff himself was not the servant whose negligence caused the accident; and from the careful omission of any more specific allegation as to the servant chargeable with the negligence, it may be surmised that such was in fact the case.  The demurrer to the complaint was rightly sustained.

There are numerous other allegations—such, e. g., as that the defendants did not employ a competent powder foreman, and that they employed the plaintiff without telling him of the danger, etc.—but these do not, we think, supply the essential defect in the complaint.

Judgment affirmed.

Gray, P. J., and Allen, J., concurred.